FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 07 2010

Stephan Harris, Clerk
Cheyenne

Sherri Sweers
Feldmann Nagel Brauchler & Weeden
1120 S. Lincoln Ave.
P.O. Box 775628
Steamboat Springs, CO 80477
Phone: (970) 879-8616
Fax: (970) 879-8513

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
Civil Action No. 10-CV-185-J

| | |
|---|---|
| **THE STATE OF WYOMING**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **JAMES R. HEFFLIN**, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that:

In accordance with 28 U.S.C. 1441, 1442(a)(l), and 1446, Defendant James R. Hefflin (the "Removing Defendant") hereby gives notice of the removal of this action from the District Court for the First Judicial District, State of Wyoming, County of Laramie, to the United States District Court for the District of Wyoming. In support of this Notice of Removal, the Removing Defendant avers as follows:

1. On or about August 7, 2009, plaintiff State of Wyoming filed a criminal Information (the "Information") in the District Court for the First Judicial District, State of Wyoming, County

1

of Laramie, captioned *State of Wyoming v. James R. Hefflin*, Docket No. 30-378. Also filed were an Affidavit of Probable Cause, and a Warrant of Arrest.

**2.** Plaintiff filed the Amended Information on or about August 11, 2009. Also filed on that date was the Amended Warrant of Arrest. State Court arraignment of the Defendant on the Amended Information occurred on or about September 8, 2009. The original Information and the Amended Information, warrants and affidavit are the only process and pleadings served upon the Removing Defendant to date. Pursuant to 28 U.S.C. § 1446(c), copies of the original Information and Amended Information are appended hereto.

**3.** Pursuant to the provisions of 28 U.S.C. 5 1446(c)(1), Defendant hereby shows this honorable Court that good cause exists for this Court to grant Defendant leave to file this Notice of Removal at this time, more than thirty (30) days after arraignment in the State Court. Before the arraignment date, Mr. Hefflin had filed a civil action in the U. S. District Court for the District of Wyoming, case no. 09 CV 219J, *James R. Hefflin v. High West Energy, Inc., Hank Bailey, Esq., et al.* Mr. Hefflin filed that federal civil case against, among others, High West Energy, its attorney, Henry F. Bailey, Jr., its general manager Donald Bruner, and the four alleged victims of the criminal assault, namely, Timothy Lang, James McClusky, Keoni Hance, and Christopher Alderson. Mr. Hefflin was the Plaintiff in that case. Settlement negotiations ensued quickly. Even though the company attorney, Mr. Bailey, was a named Defendant in the case, he simultaneously acted as the attorney for the corporate Defendant, High West Energy, Inc., as well as himself, and Messrs. Bruner, Lang, McClusky, Hance and Alderson, all in their

professional and individual capacities. Mr. Bailey proceeded to negotiate a settlement of the

case with Mr. Hefflin which resulted in the dismissal of Bailey, High West Energy, Inc., and all

of the previously listed individual defendants from the civil case. As part of his negotiation of

that settlement with Mr. Hefflin, by email Mr. Bailey persuaded Mr. Hefflin that the four alleged

victims in Wyoming State criminal case no. 30-378, Lang, McClusky, Hance and Alderson, had:

> "…consented – one reluctantly – to a dismissal of the charges against you.
> However, they want to be certain that all claims in the pending federal action will
> be dismissed with prejudice against High West and its employees. I assume that's
> the understanding, but just want to confirm.
>
> Hank Bailey …"

As successful settlement negotiation which was aimed at the complete dismissal of the

State criminal charges appeared to be a "fait accompli," or at least in the offing, Mr. Hefflin did

not act to remove the case to the U. S. District Court at that time. In accordance with the

agreement and representations set forth in Bailey's email, Mr. Hefflin ultimately moved to

dismiss all claims in 09 CV 219J. *See*, Plaintiff's Motion to Dismiss, attached hereto and

incorporated herein by reference as Exhibit "A." The U. S. District Court Judge in that case, the

honorable Alan B. Johnson, found the wording of Mr. Bailey's email to Mr. Hefflin to constitute

a settlement agreement, and granted Mr. Hefflin's motion to dismiss Bailey, High West Energy,

Inc., and its employees from the suit with prejudice (*See*, Order of Dismissal With Prejudice of

Settled Case, attached hereto and incorporated herein by reference as Exhibit "B"). Mr. Hefflin

believed in the validity of the trespass and other claims in his federal civil case, and they were

substantially supported in law and fact. In correspondence, Bailey admitted the *bona fides* of the

trespass claim, though he disagreed with the amount of damages claimed. Mr. Hefflin suffered

3

prejudice by dismissing his claims against the defendants in 09 CV 219J. Neither can there be any disagreement that Bailey, High West Energy, Inc., and the individual defendants enjoyed the benefit of the bargain, i.e., dismissal of 09 CV 219J, negotiated by their attorney and co-defendant. The alleged victims, however, persisted in their stance that prosecution of case no. 30-378 should continue. Contrary to the settlement agreement, none of the four alleged victims encouraged the prosecutor to dismiss the case. The case is currently set for trial to commence on September 21, 2010.

It should be noted that, although the motion to dismiss was not filed by Hefflin until February, 2010, **Bailey never filed any objection or other pleading to correct or modify the statements in the email which formed the basis for the motion to dismiss**. In our discussions with Mr. Bailey, he admitted that his representations to Mr. Hefflin that the four alleged victims had agreed to the dismissal were most likely untrue. Mr. Bailey further admitted that he had not spoken with the alleged victims since the time of the incident and that his representations that they wished to dismiss the criminal charges in exchange for dismissal of the civil case were "secondhand at best." Yet he, as their attorney and co-defendant, entered into the settlement agreement on his and their behalf, based upon his representations that his clients had embraced the dismissal of the State criminal case. It has been brought to Mr. Bailey's attention that the fact that he had failed to follow through with his clients' and fellow Defendants' part of the bargain was not only egregiously dishonorable, but has caused Mr. Hefflin to incur very foreseeable and severe pecuniary and emotional damages. Mr. Bailey was informed that Mr. Hefflin's damages continue to mount each day as the criminal trial draws ever nearer. Mr.

4

Bailey has been provided with a copy of a draft complaint for fraud and breach of contract

relating to the settlement agreement in Mr. Hefflin's civil case. The settlement agreement

represents a deception wrought upon Mr. Hefflin and the U. S. District Court in 09 CV 219J.

It is Mr. Hefflin's position that he excusably did not file the motion for removal within 30

days of arraignment because he was reasonably relying upon his settlement agreement and Mr.

Bailey's representations that the alleged victims would inform the prosecutor that they no longer

wanted the prosecution to proceed. Mr. Hefflin further contends that he should be entitled to

reasonably rely upon the written word of a member of the bar of Wyoming and this Court as to

the specifics of settlement agreements entered on the record under F.R.C.P. Rule 11. It is at this

time unknown whether the alleged victims knew about the misrepresentations which were being

made by Mr. Bailey on their behalf, or only learned of them after the settlement of the civil case

was finalized. It was only when it was discovered that Mr. Bailey's representations of the intent

of the alleged victims had been fraudulent, and that the prosecutor and victims were unwilling to

acknowledge the requirements of the federal civil case settlement agreement that removal

became once again necessary. If the timeliness of Mr. Hefflin's filing this Notice of Removal is

contested under these circumstances, Mr. Hefflin hereby requests a full hearing on this matter

pursuant to the provisions of 28 U.S.C. §1446(c)(5) (A motion to remand, or answer denying

material facts, is not sufficient to overcome a well-pleaded and verified removal petition in a

criminal case, and a full evidentiary hearing must be provided. See, e.g., *Kaslo v. City of*

*Meridian*, 360 F.2d 282 (5th Cir. Miss. 1966)).

**4.** In the Amended Information, Plaintiff State of Wyoming alleges that Defendant is criminally liable for four counts of violating W.S. § 6-2-502(a)(iii), Aggravated assault and battery – Threatens with Weapon, involving four separate alleged victims in the same episode. This incident took place on the 5th day of August, 2009, on Mr. Hefflin's property located at 254 Remington Ranch Road, Carpenter, Wyoming. Mr. Hefflin's residence on that property had been prior to that time severely damaged by an electrical fire which started in the attic, and rendered the residence uninhabitable. When Mr. Hefflin arrived on the property to care for his livestock, he detected that approximately six to ten men were on the property behind a group of trees and bushes approximately 100 yards from the house. Mr. Hefflin's unoccupied residence had been burglarized on at least one previous occasion. On August 5th, 2009, Mr. Hefflin had invited no one to enter upon his property, had no prior notice which would have led him to expect anyone to be on his property, and all sides of the property were prominently posted with numerous "No Trespassing" signs. Additionally, Mr. Bailey had previously notified Mr. Hefflin, in writing, that no High West Energy employees would enter on his property without advance notice and permission.

**5.** Mr. Hefflin started out his law enforcement career as a U.S. Army Military Policeman. After his discharge, he became an Immigration and Naturalization Service ("INS") field agent, arresting for deportation illegal aliens who committed criminal acts in the United States. His work as an INS agent was under the U.S. Department of Justice. During his many years with the INS, Mr. Hefflin was involved in numerous arrests, some dangerous, others high-profile, and some routine. In the course of his career, he became injured on multiple occasions in

6

the line of duty. He demonstrated valor and dedication, and honored his badge. Eventually the accumulation of injuries rendered Mr. Hefflin unable to run or otherwise perform the physical demands of the job. He was declared disabled and retired on disability from the INS and Justice Department. After that, Mr. Hefflin worked for the American Federation of Government Employees as a National Representative representing Federal Agency employees in specific administrative matters as allowed by statute.

**6.** In addition to the permanent physiological injuries incurred by Mr. Hefflin resulting from his employment as an INS Agent, Mr. Hefflin suffers from post-traumatic stress disorder, ("PTSD") as a result of some of the dangerous incidents which occurred during his U.S. Government law enforcement service. He arrested many dangerous operatives from organizations such as Columbian drug cartels and the Mexican Mafia and the Cuban Mafia, and numerous other infamous groups and individuals. Mr. Hefflin received many threats of retaliation from these dangerous criminals. Jim Hefflin lives each day concerned about reprisals and criminal retaliation from the groups and/or individuals against himself or his family. Mr. Hefflin was physically unable to run or to fight against the threat posed by six to ten men, so he used the training he had received from the United States INS and Army Military Police to attempt to safely bring the incident to a close. No one was injured and no one was endangered.

**7.** At all times relevant to the events alleged in the Information, Mr. Hefflin contends that he was acting in self-defense as a former federal law enforcement agent, under the color of federal law, attempting to prevent a violation of 18 U.S.C. 115, in accordance with his training

and the policies of the INS, and under the supremacy clause immunity granted to federal law enforcement officers.

**8.** All of the claims of the State of Wyoming in the Information relate to Defendants' actions under the color of federal law. The State's charges accordingly are all based on - and causally connected to - acts taken under supremacy clause immunity for former federal law enforcement officers, and Mr. Hefflin is therefore entitled to remove this case to federal court pursuant to 28 U.S.C. 1442(a)(1), which authorizes removal by "**any** officer (or **any** person acting under that officer) of the United States or of **any** agency thereof, sued [or criminally charged under State law] in an official or individual capacity for **any** act under color of such office." [Emphasis added.] This statute applies to claims arising out of a private party's "effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morns Cos., Inc.*, 551 U.S. 142, 152 (2007). *See generally*, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (courts should construe Section 1442 broadly, not in a "narrow or limited" manner); *Jamison v. Wiley*, 14 F.3d 222, 238-39 (4th Cir. 1994) (removal under Section 1442 is not constrained by the well-pleaded complaint rule, but is appropriate "when [the federal officer defendant] can allege a colorable federal defense to [an] action" (internal quotation marks omitted)).

**9.** Another colorable federal defense is the absolute immunity that exists for government law enforcement agents who exercise their delegated discretion while acting within the scope of their employment. *E.g.*, *Mangold v. Analytic Sews., Inc.*, 77 F.3d 1442 (4th Cir. 1996). Mr.

Hefflin contends this also includes retired federal law enforcement officers. 18 USC 115 is a statute prohibiting threats and crimes of violence against federal officials, including assault, murder, etc. The U. S. Fifth Circuit Court of Appeals in *U.S. v. Raymer,* 876 F.2d 383 (5th Cir. 1989), interpreting and essentially equating the application of 18 USC 115 upon off-duty or **retired** federal law enforcement officers stated:

> That language prohibits threats against an official "with intent to ... retaliate against such official ... on account of the performance of official duties." These words would clearly cover an official not only while he was in the performance of his duties but also against retaliation after his duties were completed. An off-duty official who was threatened or assaulted in retaliation for previous performance of his duties would be covered under the plain language of the statute. It is also reasonable, therefore, to conclude that a **retired** official subject to retaliation because of previous performance of duties is in the same position as an official who is currently employed by the government but is off-duty. Neither one need be currently performing his duties when experiencing retaliation. The only difference between the two is that the former is in a sense permanently off-duty. Hence it would be illogical not to extend the protection of the statute to the retired official. [Emphasis added.]

**10.** In order to remove a criminal case to Federal Court under the Federal Officer's removal act, the Defendant must show that he was acting under color of federal office when he committed the act for which he was charged. Mr. Hefflin takes the position that the issue of whether he was acting under color of federal office for purposes of removal under Section 1442(a)(1) can be argued under *Raymer* and 18 USC 115. Numerous federal cases may be relied on which stand for the proposition that, in a variety of contexts, a federal officer may be considered to be acting in accordance with his official authority even though he is not technically on duty at the time of the conduct in question. Courts have recognized that ATF, FBI, DNS and INS (ICE) policies permit special agents to intervene if they witness an exigent state offense

9

while not on their tour of duty.  Mr. Hefflin was arguably acting under color of federal office or authority, as he contends his conduct fell within the scope of those policies, and was consistent with his training and agency policies under the circumstances.  Further, the United States has a strong interest in protecting its law enforcement officers from retaliation after they retire.

The well-settled principles outlined in *Maryland v. Soper*, (No. 1), 270 U.S. 9 (1926), and *Colorado v. Symes*, 286 U.S. 510, (1932) establish that a criminal defendant must present sufficient facts in support of removal to enable the Court to determine whether the charged conduct arises from acts done under color of federal office.

"Today [28 U.S.C. §] 1446(c)(5) contemplates that such facts will be adduced at an evidentiary hearing." (Mem. Op. 21 n.8, June 25, 2009.); see also 28 U.S.C. § 1446(c)(5) (providing that if the district court does not order summary remand of a criminal prosecution, "it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require"). Thus, while the statute has evolved in some respects, the requirement that a sufficient evidentiary showing must be made to support removal has not been eliminated.

**11.**  In any event, some trial court will be required to determine whether Mr. Hefflin's actions were ultimately justified.  The question is, should those actions and motives be evaluated under the standards of Wyoming law or federal law and INS policies? **Hefflin contends his motive for shooting the warning shot [in the opposite direction of the alleged "victims"] and verbally warning the trespassers to leave his property was because he feared they were there to exact revenge or retaliation related to his past INS law enforcement efforts.** The

10

court will be required to inquire into Hefflin's motives for his actions in order to assess whether the shot and warning occurred because Hefflin was responding to an exigent circumstance which he reasonably believed may have been motivated by criminal retaliation, perhaps an ambush staged by a foreign drug cartel, and therefore was acting within the scope of and consistent with the established policies and protocols of the INS and U.S. Justice Department.

12. It is further Mr. Hefflin's position that as to self-defense, the "reasonable man" standard which should be applied in circumstances involving a retired federal law enforcement officer who reasonably believes that he is being retaliated against for his formerly official acts, should be the "reasonable retired federal agent" standard, where the training, firearms policies, supremacy clause immunity, and self-defense criteria of his agency are taken into consideration with other facts to determine if the retired officer's acts were justified. Mr. Hefflin contends that this aspect of his defense is heavily dependent upon federal law and regulations, and thus appropriate for removal to a federal forum, which had significantly greater familiarity with these issues.

13. After filing this Notice of Removal with this Court, the Removing Defendant will promptly file a copy of the same with the Clerk of the District Court for the First Judicial District of the State of Wyoming, County of Laramie. The Removing Defendant will also serve written notice of this Notice of Removal on counsel for the State of Wyoming in accordance with 28 U.S.C. 5 1446(d).

14. When a U. S. District Court first receives a petition for removal, the court, in making its initial decision for a *sua sponte* remand must take the allegations of the petition as true. A

11

petition for the removal of a cause from a state to a federal district court as presenting a separable

controversy between citizens of different states must be verified, and its statements must be

taken as true. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). See, also, *Greenspun v.*

*Schlindwein*, 574 F.Supp. 1038 (E.D.Pa. 1983); *Lynes v. Standard Oil Co.*, 300 F. 812 (D.C.S.C.

1924); *Georgia-Carolina Brick & Title Co. v. Merry Bros. Brick & Tile Co.*, 44 S.E.2d 63, 75

Ga.App. 637 (Ga. App. 1947); *Towill v. Southern R. Co.*, 114 S.E. 416, 121 S.C. 447 (S.C.

1922). The allegations in a petition for removal of a cause of action from the state court to

federal district court are to be taken as true, in the absence of a motion to remand or plea to the

jurisdiction. *United Steelworkers of America, CIO v. International Telephone & Telegraph*

*Corp.*, 133 F.Supp. 602 (D.C.Minn. 1955).

**WHEREFORE**, the Removing Defendants pray that this cause proceed in this Court as

an action properly removed thereto.

Respectfully submitted this the 7th day of September, 2010.

FELDMANN NAGEL BRAUCHLER & WEEDEN, LLC, by:

Sherri Sweers WY Att'y Reg. No. 6-2779

Feldmann Nagel Brauchler & Weeden,LLC
1120 S. Lincoln Ave.
P.O. Box 775628
Steamboat Springs, CO 80477
Phone: (970) 879-8616
Fax: (970) 879-8513

12

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2010, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court ~~using the CM/ECF system~~ and served the same on plaintiffs by ~~U.S. Mail~~ HAND delivery addressed as follows:

Laramie County Complex
P.O. Box 787
Cheyenne, WY 82003-0787
Fax: (307) 633-4277

Mr. Becket Hinckley
Laramie County District Attorney's Office
310 West 19th Street, 2nd Floor
Cheyenne, WY 82001
Fax: (307) 633-4369

Client

James R. Hefflin. Pro Se. Et Al
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
(800) 975-6249
FAX: (800) 521-1546



### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JAMES R. HEFFLIN, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) No. 09CV219J |
| | ) |
| HIGH WEST ENERGY INC., HANK BAILLY | ) |
| ESQ. IN HIS PROFESSIONAL AND | ) |
| INDIVIDUAL CAPACITY. DON BRUNER. IN | ) REQUEST FOR DISMISSAL |
| HIS PROFESSIONAL AND INDIVIDUAL. | ) WITH PREJUDICE OF SETTLED |
| CAPACITY. JAMES MCCLUSKY IN HIS | ) CASE |
| PROFESSIONAL AND INDIVIDUAL | ) |
| CAPACITY, TIMOTHY LANG, IN HIS | ; |
| PROFESSIONAL AND INDIVIDUAL | ) |
| CAPACITY, KEONI HANCE IN HIS | ) |
| PROFESSIONAL AND INDIVIDUAL | ) |
| CAPACITY, CHRISTOPHER ALDERSON, IN | ) |
| HIS PROFESSIONAL AND INDIVIDUAL | ) |
| CAPACITY, DOES 1 THRU 20. | ) |
| LARAMIE COUNTY, LARAMIE | ) |
| COUNTY SHERIFFS DEPARTMENT. | ) |
| LARAMIE COUNTY SHERIFF, DANNY | ) |
| GLICK, KURT WILSON, IN HIS OFFICIAL | ) |
| AND INDIVIDUAL CAPACITY. MARK | ) |
| HOLLENBACH. IN HIS OFFICIAL AND | ) |
| INDIVIDUAL CAPACITY, MR. MARTINEZ | ) |
| IN HIS OFFICIAL AND INDIVIDUAL. | ) |
| CAPACITY, GLEN CRUMPTON, IN HIS | ) |
| OFFICIAL AND INDIVIDUAL CAPACITY. | ) |
| MR. BIRCH, IN HIS OFFICIAL AND | ) |
| INDIVIDUAL CAPACITY. MR. MOSSBACKER | ) |
| IN HIS OFFICIAL, AND INDIVIDUAL | ) |
| CAPACITY, UNKNOWN | ) |
| LAW ENFORCEMENT OFFICERS | ) |
| 1 THRU 20 | ) |
| | ) |
| Defendants. | ) |



1

The Plaintiff in the above captioned matter respectfully requests the court to Dismiss with Prejudice the above captioned matter against the Defendants High West Energy Inc., Don Brunner, James McClusky, Timothy Lang, Keoni Hance, and Christopher Alderson. The parties by and through their respective counsel of record have voluntarily entered into a settlement agreement via email in compliance with the Uniform Transactions Act (U.E.T.A.) governing electronic agreements, and other applicable laws on October 28, 2009 attached hereto as attachment (1).

WHEREFORE, Plaintiff requests that this settlement agreement be entered into the courts official record of these proceedings retaining jurisdiction for enforcement purposes, and that an order be made dismissing the above captioned matter with prejudice against the aforementioned Defendants

Dated this 16th day of February 2010

James R. Hegery

Plaintiff

2

## Jim Hefflin

**Subject:** FW: Settlement

**From:** jrh@fedadminlaw.com [mailto:jrh@fedadminlaw.com]
**Sent:** Wednesday, October 28, 2009 1:34 PM
**To:** Hank Bailey
**Subject:** Re: Settlement

Thanks you made our day! I will release them from everything civil and criminal.

I have done these civil/criminal settlement agreements before but they involved fed agents or officer employment casses. I can check with my partner in CA for some language or if you have something as well let me know.

As you know they need to be carefully drafted as to not infer anything other than parties reaching an agreement not to voluntarily proceede against one another in a state and federal forum civil and criminal

I can phone if you wish don't think I can meet because of the storm we are dug in.

Jim Hefflin from my BlackBerry®

**From:** Hank Bailey <hfbailey@aim.com >
**Date:** Wed. 28 Oct 2009 15:09:52 -0400
**To:** <jrh@fedadminlaw.com>
**Subject:** Re: Settlement

Jim,

    High West employees have consented - one reluctantly - to a dismissal of the charges against you. However, they want to be certain that all claims in the pending federal action will be dismissed with prejudice against High West and its employees. I assume that's the understanding, but just wanted to confirm.

Hank Bailey
Henry F. Bailey Jr.
Bailey, Stock & Harmon P.C.
221 East 21st Street
Cheyenne, Wyoming 82001
307-638-7745
307-638-7749

This email, along with any attachments, may contain privileged and/or confidential communications, and unless otherwise stated it is not intended for further distribution or publication. If you believe you are not the intended recipient of this communication, please notify the sender and delete this email.

1



**FILED**

3:18 pm, 2/17/10
**Stephan Harris**
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

JAMES R. HEFFLIN,

  Plaintiff,

  vs.                                    Case No. 09-CV-219J

HIGH WEST ENERGY INC  et al,

  Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE OF SETTLED CASE

The Plaintiff and Defendants, High West Energy Inc., Don Bruner, James McClusky, Timothy Lang, Keoni Hance and Christopher Alderson have voluntarily entered into a settlement agreement dated October 28, 2009 and made part of the court record.

IT IS ORDERED that Plaintiff's complaint is Dismissed with Prejudice against the aforementioned Defendants.

Dated this 17th day of February, 2010.

*Alan B. Johnson*

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

**EXHIBIT**
**B**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Order for Dismissal with Prejudice via first class US Mail this 8TH day of _MARCH_ , 2010 to:

Hank Bailey Esq.
221 East 21ˢᵗ Street
Cheyenne, Wyoming 82003

James R. Hefflin
Plaintiff

2

STATE OF WYOMING    )
                  ) SS:
COUNTY OF LARAMIE  )

THE STATE OF WYOMING

          Plaintiff,

    vs.

JAMES HEFFLIN,
DATE OF BIRTH: *3/30/1965*

          Defendant.

---

IN THE CIRCUIT COURT
FIRST JUDICIAL DISTRICT
CR 2009 1192
30-378

# FILED

AUG 1 3 2009

GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

---

## ***AMENDED INFORMATION***

COMES NOW, Becket B. Hinckley, Senior Assistant District Attorney, First Judicial District, and in the name and by the authority of the State of Wyoming, informs the Court and gives the Court to understand that:

### Count I: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. JAMES HEFFLIN;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on James McCluskey, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

        Penalties: 0 - 10 years and/or $10,000 Fine

### Count II: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. JAMES HEFFLIN;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on Keoni Hance, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

        Penalties: 0 - 10 years and/or $10,000 Fine



STATE OF WYOMING )
                  ) SS:
COUNTY OF LARAMIE )

THE STATE OF WYOMING

                    **Plaintiff,**

          vs.

JAMES HEFFLIN,
DATE OF BIRTH: *3/30/1965*

                    **Defendant.**

IN THE CIRCUIT COURT
FIRST JUDICIAL DISTRICT
CR 2009 - 1192
    30-378

# FILED

### AUG 1 3 2009

GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

---

## ***AMENDED INFORMATION***

---

COMES NOW, Becket B. Hinckley, Senior Assistant District Attorney, First Judicial

District, and in the name and by the authority of the State of Wyoming, informs the Court and

gives the Court to understand that:

### Count I: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. JAMES HEFFLIN;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully

threaten to use a drawn deadly weapon on James McCluskey, in violation of W.S.§6-2-

502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE**

**CAUSE);**

          **Penalties: 0 - 10 years and/or $10,000 Fine**

### Count II: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. JAMES HEFFLIN;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully

threaten to use a drawn deadly weapon on Keoni Hance, in violation of W.S.§6-2-502(a)(iii),

2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

          **Penalties: 0 - 10 years and/or $10,000 Fine**



## Count III: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. **JAMES HEFFLIN;**

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on Christopher Alderson, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

Penalties: 0 - 10 years and/or $10,000 Fine

## Count IV: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. **JAMES HEFFLIN;**

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on Timothy Lang, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony. **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

Penalties: 0 - 10 years and/or $10,000 Fine

**Against the peace and dignity of the State of Wyoming.**

Becket B. Hinckley, #6-3434
Senior Assistant District Attorney

STATE OF WYOMING    )
                    ) SS:
COUNTY OF LARAMIE   )

THE STATE OF WYOMING

                    Plaintiff,

            vs.

JAMES HEFFLIN,
DATE OF BIRTH: 3/20/1966

                    Defendant.

IN THE CIRCUIT COURT
FIRST JUDICIAL DISTRICT
Criminal Action No. CR 2009 – 1192

IN THE DISTRICT COURT
FIRST JUDICIAL DISTRICT

DOC 30   NO. 378

# FILED

**AUG 13 2009**

GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

## INFORMATION

COMES NOW, Becket B. Hinckley, Senior Assistant District Attorney, First Judicial District, and in the name and by the authority of the State of Wyoming, informs the Court and gives the Court to understand that:

### Count I: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. JAMES HEFFLIN;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on James McCluskey, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

Penalties: 0 - 10 years and/or $10,000 Fine

### Count II: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. JAMES HEFFLIN;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on Keoni Hance, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE);**

Penalties: 0 - 10 years and/or $10,000 Fine



## Count III: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. **JAMES HEFFLIN**;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on Christopher Alderson, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE)**;

### Penalties: 0 - 10 years and/or $10,000 Fine

## Count IV: Aggravated Assault & Battery- Threatens with Weapon

1. On or about the 5th day of August, 2009;

2. In the County of Laramie and the State of Wyoming;

3. **JAMES HEFFLIN**;

4. Did unlawfully threaten to use a drawn deadly weapon on another, to wit:  did unlawfully threaten to use a drawn deadly weapon on Timothy Lang, in violation of W.S.§6-2-502(a)(iii), 2003 Lexis, the same being a Felony.  **(SEE AFFIDAVIT OF PROBABLE CAUSE)**;

### Penalties: 0 - 10 years and/or $10,000 Fine

**Against the peace and dignity of the State of Wyoming.**

Becket B. Hinckley, #6-3434
Senior Assistant District Attorney